**Reversed and Remanded and Opinion filed August 7, 2012.**



In The

# Fourteenth Court of Appeals

---

NO. 14-11-00956-CV
NO. 14-11-00957-CV

---

**PRATAP AND JAYA DESAI, Appellants**

**V.**

**CHAMBERS COUNTY APPRAISAL DISTRICT, Appellee**

**AND**

**VICTOR P. AND BONNIE K. YBARRA, Appellants**

**V.**

**CHAMBERS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. CV26666, No. CV26667**

---

# OPINION

In this appeal we consider the impact under the "mailbox rule" of mailing documents for filing to the district clerk at the physical address rather than a mailing address. This consolidated appeal arises from two separate suits filed by property owners in an appeal from the decisions of a county appraisal review board. The trial court granted the appraisal review board's respective pleas to the jurisdiction, finding that the property owners' petitions were not timely filed because they were addressed to the physical address rather than the mailing address for the district clerk, and then returned by the postal service after the statutory deadline. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs/appellants Victor P. and Bonnie K. Ybarra and plaintiffs/appellants Pratap and Jaya Desai (collectively, the "Property Owners") respectively brought suits against defendant/appellee Chambers County Appraisal District[1] seeking to appeal decisions relating to the Property Owners' respective properties. The Property Owners were represented by the same trial counsel, who mailed each petition to the Chambers County District Clerk with proper postage affixed and the appropriate filing fees enclosed. The petitions were returned unopened by the United States Postal Service stamped, "Returned to Sender" and a handwritten mark beside a box labeled, "No Street Delivery." As a result, the Property Owners' petitions were not accepted for filing before the statutory deadline.

In both cases, the Appraisal District filed answers and pleas to the jurisdiction, alleging that the respective petitions were not timely filed. The Property Owners filed separate responses to the pleas to the jurisdiction and attached the following documents to each response:

- An "Order Determining Protest or Order of Dismissal" along with a "Notice of Final Order," sent from the Appraisal District instructing

---

[1] Although the Appraisal Review Board of Chambers County Appraisal District was also a defendant in both suits, the claims against that entity were later non-suited and that entity is not a party on appeal.

the respective Property Owners how to appeal the Appraisal District's decision;

- A copy of a cover letter to the district clerk and a copy of the mailing envelope, both reflecting the date of the attempted mailing;

- A copy of the first page of the petition, bearing the e-filing date of August 24, 2011;

- A document, entitled "2011 Texas Attorney's/Paralegal's Secretary's Handbook" and associated with a website related to Chambers County government, reflecting, on the first page, the address of the "Courthouse, 404 Washington Street, Anahuac, TX 77514" and the address of District Clerk Patti L. Henry "Anahuac–P.O. Drawer NN, 77514." The second page of the document reflects two addresses and two phone numbers for District Clerk Patti Henry, each one set out in separate untitled columns: the first address is "404 Washington Avenue, Anahuac, TX 77514"; and the second address is "P.O. Box NN Anahuac, TX 77514"; and

- An affidavit of counsel in which counsel states he sent the petitions by first-class United States mail on August 22, 2011, in an envelope with the correct postage affixed, addressed to the proper clerk and sent to the address of the clerk's office.

The trial court conducted a single hearing on both of the Appraisal District's pleas to the jurisdiction. It is undisputed that the statutory deadline for filing suit under the Texas Tax Code was August 22, 2011. As reflected in the record of the hearing, the Appraisal District pointed to the Property Owners' pleadings, each of which reflect an electronic-filing stamp dated August 24, 2011, two days past the statutory deadline, as proof of a jurisdictional bar to the suits.

The parties' arguments turned on whether the petitions were "properly addressed" pursuant to Rule 5 of the Texas Rules of Civil Procedure, commonly referred to as the "mailbox rule," when the Property Owners mailed the petitions to the physical address of the district clerk instead of a mailing address for the district clerk. The Property Owners referred to documents attached to their responses as evidence that the Property Owners mailed their petitions within the statutory limitations period. The Property Owners,

3

through their counsel, mailed the petitions to the following address, as reflected on the outside envelopes:

> Ms. Patti Henry, District Clerk, Chambers Cty.
> Attn: Civil Filings
> 404 Washington Street
> Anahuac, Texas 77514

The United States Postal Service returned the mailings to counsel's office on August 24, 2011. Each returned mailing reflected that the city, state, and zip code were marked through, and each returned mailing was stamped "Returned to Sender" with a handwritten "X" placed in a box beside the phrase "No Street Delivery," as reflected below:





McKENNEY & ASSOCIATES, P.C.
*Attorneys at Law*
2200 North Loop West, Suite 333
Houston, Texas 77018

TO:  Ms. Patti Henry, District Clerk, Chambers City
Attn: Civil Filings
404 Washington Street

Counsel then filed the petitions electronically with the district clerk on August 24, 2011, and confirmed electronic filing.

The Appraisal District argued that the petitions were not "properly addressed" as contemplated by Rule 5, because the petitions should have been sent to the mailing address of the district clerk, a post office drawer, instead of the physical location of the district clerk at the courthouse. The Appraisal District referred to a document, which is

5

not included in the record, apparently printed from the Chambers County website, identifying both a physical address (the address on Washington Street) and a different address (a P.O. Drawer) for the district clerk, apparently under the heading, "Mailing Address." The Appraisal District also pointed to its copy of the *Texas Legal Directory for Chambers County*, purportedly reflecting a mailing address for the district clerk as a post-office box. This publication is not included in the appellate record either.

At the hearing, counsel for the Property Owners stated that a person in his office placed a call to the district clerk before mailing the documents to confirm that the district clerk's address is "404 Washington Street." Counsel also stated that on the morning of the hearing, he walked to the physical address of the district clerk's office on 404 Washington Street, where the district clerk accepted for filing copies of the Property Owners' responses to the pleas, which previously had been filed electronically.

The trial court took judicial notice that the United States Postal Service does not deliver mail to the district clerk at the physical address on Washington Street and that the district clerk's mailing address is a postal drawer in the post office that is directly across the street from the courthouse. The trial court noted that a person can walk to the physical address of the clerk's office on Washington Street to file a legal document and that private couriers routinely deliver legal documents for filing to the physical address of the district clerk on 404 Washington Street. The trial court also expressed frustration that the post office will not place mail bearing the physical address of the courthouse on Washington Street in the post office box intended for receipt by the district clerk. Nonetheless, the trial court granted the Appraisal District's pleas to the jurisdiction, ruling that the Property Owners' petitions were not timely filed and noting, "Unfortunately, I think when you rely on mail delivery, you better get the mailing address right." The trial court dismissed the suits for lack of jurisdiction. The Property Owners appealed and this court consolidated the cases for appeal.

**ISSUES PRESENTED**

In two issues, the Property Owners assert that the trial court erred in granting the Appraisal District's pleas to the jurisdiction and dismissing the cases as untimely filed because Texas Rule of Civil Procedure 5 does not specify that the term "properly addressed" requires a mailing address of the district clerk in lieu of a physical address of the district clerk's office.

**ANALYSIS**

As reflected in the record and giving rise to the Property Owners' suits, the Appraisal District sent an "Order Determining Protest or Order of Dismissal" along with a "Notice of Final Order" to the respective Property Owners, who received both documents on June 23, 2011. These documents are substantially the same for both the Ybarras and the Desais. The Notice of Final Order informs the Property Owners of the right to appeal the appraisal board's determination of a protest pursuant to chapter 41 of the Texas Tax Code. The Notice of Final Order provides, in relevant part, as follows:

> To appeal such an order to [the] district court, a party must file a petition for review with the district court within 60 days after the party receives notice that a final order has been entered from which an appeal may be had or at anytime after the hearing but before the 60-day deadline.

Additionally, the notice of final order reflects the following, in pertinent part:

> For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

Chapter 42 of the Texas Tax Code governs judicial review of a determination made by the Appraisal District. *See* Tex. Tax. Code Ann. §§ 42.01–42.42 (West Supp. 2011). For parties seeking review by a district court, section 42.21(a), entitled "Petition for Review" provides as follows:

7

> A party who appeals as provided by this chapter must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline. Failure to timely file a petition bars any appeal under this chapter.

Tex. Tax Code Ann. § 42.21(a) (West Supp. 2011). Pursuant to section 42.21(a), failure to timely file a petition with the district court will deprive the trial court of jurisdiction. *See Reddy P'ship/5900 North Freeway LP v. Harris Cnty. Appraisal Dist.*, No. 11-0400, 2012 WL 2476928, at *3 (Tex. June 29, 2012); *Harris Cnty. Appraisal Dist. v. Drever Partners, Inc.*, 938 S.W.2d 196, 197 (Tex. App.—Houston [14th Dist.] 1997, no writ). To have invoked the trial court's jurisdiction, the Property Owners would have to have filed their respective petitions on or before August 22, 2011, the statutory deadline.

At the hearings on the pleas to the jurisdiction, the Appraisal District referred to the petitions giving rise to the suits, reflecting the electronic filing date of August 24, 2011, two days beyond the statutory deadline. The Appraisal District argued that the petitions were not timely filed pursuant to section 42.21(a). According to the Appraisal District, the untimely-filed petitions were a jurisdictional bar to the suits, warranting dismissal.

The Property Owners relied on the "mailbox rule" to show that the mailed petitions were timely filed within the statutorily prescribed deadline set forth in section 42.21(a). The "mailbox rule", established in Rule 5 of the Texas Rules of Civil Procedure, entitled, "Enlargement of Time," provides in relevant part:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day of filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United Stated Postal Service shall be prima facie evidence of the date of mailing.

Tex. R. Civ. P. 5. To perfect filing, the clerk of court must receive the mailed document within ten days. *Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996).

8

The Desais claimed to have mailed their petition on August 19, 2011, and the Ybarras claimed to have mailed their petition on August 22, 2011; the Property Owners referred to the documents attached to their response for support that the petitions were timely filed. The Appraisal District contends on appeal that the documents attached to the Property Owners' responses were not offered into evidence at the hearing and not properly authenticated; consequently, the Appraisal District argues, this court should not consider these documents in our appellate review. The issues raised in a dilatory plea, such as a plea to the jurisdiction, are often such that that they cannot be resolved without hearing evidence. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because the trial court cannot act without determining whether it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue, a procedure that is generally similar to summary-judgment proceedings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Bland*, 34 S.W.3d at 555. The trial court was free to consider, just as this court may review, the evidence attached in response to the pleas to the jurisdiction, which do not implicate the merits of the Property Owners' causes of action, for purposes of resolving the jurisdictional dispute. *See Miranda*, 133 S.W.3d at 227; *Bland*, 34 S.W.3d at 555.

The "Notice of Final Order" sent to the Property Owners instructs them to consult chapter 42 of the Texas Tax Code and the clerk of the court for "more information regarding appeal to district court." Chapter 42 of the Texas Tax Code instructs "a party who appeals as provided by this chapter must file a petition for review with the district court." But, chapter 42 does not reflect an address for the district clerk in any county. *See* Tex. Tax Code Ann. § 42.21(a). At the hearing on the pleas to the jurisdiction, counsel for the Property Owners stated that an agent or representative from his law office contacted the district clerk's office to ascertain the correct address before mailing the petitions, and was informed of the Washington Street address.[2] The Appraisal District

---

[2] Although the Appraisal District objected to this statement as hearsay testimony, the Appraisal District did not obtain a ruling on the objection or secure the trial court's refusal to rule. *See* Tex. R. App.

9

attempts to place the onus on the Property Owners to have consulted the Chambers County website, at which the district clerk's "mailing address" is identified and reflected as a post-office box. Neither the "Notice of Final Order" nor chapter 42 of the Texas Tax Code state that parties are required to consult this website. Nor does either of these sources state that the filing must be mailed to the mailing address of the district clerk rather than the physical courthouse address.

The undisputed evidence demonstrates that the petitions were addressed to the proper clerk and sent by first-class United States mail in a properly stamped envelope. *See* Tex. R. Civ. P. 5. The undisputed evidence also reflects that the petitions were deposited in the mail on or before the last day for filing as set forth in section 42.21(a). *See id.* The Appraisal District challenged only the Property Owners' compliance with Rule 5's requirement of a "properly addressed" envelope, when the Property Owners addressed the envelopes with the physical address of the district clerk instead of the mailing address for the district clerk.

The term "properly addressed" is not defined. The parties have not cited and research has not revealed any cases in which the Supreme Court of Texas or this court has considered what a "proper address" under Rule 5 entails. The Amarillo Court of Appeals has determined that the term "address," in the context of Rule 5, means "mailing address," relying in part on postal regulations to reach its conclusion. *Judkins v. Davenport*, 59 S.W.3d 689, 690 (Tex. App.—Amarillo 2000, no pet.). Under this rationale, an envelope reflecting the incorrect zip code that nevertheless reached the clerk for timely filing satisfies Rule 5 because the *Domestic Mail Manual* provides "additional guidance" that a zip code may be omitted "from pieces mailed by the general public at the single-piece rates for First-Class Mail and from pieces bearing a simplified address."

---

P. 33.1(a)(2); *W.W. Weber, L.L.C. v. Harris County Toll Road Auth.*, 324 S.W.3d 877, 882 n.10 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that appellant failed to preserve error as to admissibility complaint because appellant failed to obtain a ruling on objection or secure the trial court's refusal to rule).

*Id.* at 690–91 (quoting 39 C.F.R. § 111.5 (2000)).  Although the *Domestic Mail Manual* may prove instructive in considering whether an envelope has been properly addressed, it is by no means the sole determinant in whether a party has satisfied Rule 5.  *See White v. Dietrich Indus., Inc.*, 554 F. Supp. 2d 684, 689 (E.D. Tex. 2006) (disapproving of *Judkins* on the basis that Rule 5 does not limit "properly addressed" mail to mail in conformity with the Domestic Mail Manual's requirements).  Other Texas courts have interpreted "properly addressed" to mean "sufficiently specific as to be timely received at the proper place." *Moore v. State*, 840 S.W.2d 439, 441 (Tex. Crim. App. 1992) (interpreting Rule 9.2 of the Texas Rules of Appellate Procedure, formerly Rule 4(b), which contains substantially the same language as Rule 5); *see also White*, 554 F. Supp. 2d at 690. The case at hand is factually distinguishable from *Judkins* because the Property Owners provided the correct zip code and correct physical address of the district clerk's office, where the district clerk receives legal documents for filing.

The district clerk's office on 404 Washington Street is a proper place for the district clerk to receive the Property Owners' petitions; the record reflects that at this location, the district clerk regularly receives documents for filing via private courier and from persons who physically enter the building to file documents.  *See* Tex. Tax Code Ann. § 42.21(a); *Moore*, 840 S.W.2d at 441.  The district clerk's office is physically located in the Chambers County courthouse at 404 Washington Street, and the Property Owners' petitions were placed in an envelope bearing the accurate components of this address.  *See Moore*, 840 S.W.2d at 441 (providing that to be "properly addressed" an envelope or wrapper must be "sufficiently specific as to be timely received at the proper place").  Notably, we are not presented with a "Returned to Sender, Address Unknown" scenario.  The address was known and valid.  The record reflects that 404 Washington Street actually exists as the physical location of the district clerk's office.  A different result would follow if this address did not exist or if the office of the district clerk was not located at this address.  *See Saunders v. Martin*, 390 S.W.2d 513, 516–17 (Tex. Civ. App.—Texarkana 1965, no writ) (providing that an envelope containing a motion for

11

rehearing addressed to Texarkana Court of Appeals clerk of court at the city of "Dallas, Texas" instead of "Texarkana, Texas" was improperly addressed and not in compliance with Rule 5). The Property Owners presented a *prima facie* case showing that the petitions were mailed to a proper court address. *See Stokes*, 917 S.W.2d at 268; *see also Moore*, 840 S.W.2d at 441. Because the clerk received the petitions within the ten-day period following the timely mailed petitions, the petitions were timely filed. *See Stokes*, 917 S.W.2d at 268. The trial court erred in finding that the petitions were not timely filed. We sustain the Property Owners' two issues.

The trial court's judgment is reversed and this case is remanded to the trial court for further proceedings in accordance with this opinion.

/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, McCally, and Busby.

.