

**NUMBER 13-16-00631-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

| | |
|---|---|
| **VIPER S.W.D., LLC,** | **Appellant,** |

**v.**

| | |
|---|---|
| **JACKSON COUNTY APPRAISAL DISTRICT, JACKSON COUNTY APPRAISAL REVIEW BOARD, AND DONNA ATZENHOFER, IN HER OFFICIAL CAPACITY,** | **Appellees.** |

**On appeal from the 24th District Court
of Jackson County, Texas.**

# MEMORANDUM OPINION
**Before Justices Contreras, Benavides, and Longoria
Memorandum Opinion by Justice Benavides**

This is an appeal from a property tax dispute that was tried to the bench. By four issues, which we treat as one main issue, appellant Viper S.W.D., LLC (Viper) challenges the legal sufficiency of the evidence supporting the trial court's findings in its lawsuit against appellees Jackson County Appraisal District, Jackson County Appraisal Review

Board, and Donna Atzenhoffer, in her official capacity as Jackson County Tax Assessor/Collector (collectively JCAD unless otherwise indicated).  By two cross-issues, JCAD challenges the trial court's jurisdiction to hear this case.  We vacate in part and affirm in part.

## I.   BACKGROUND

Viper operates a saltwater disposal well on leased land in Jackson County.  As part of that well, Viper owns various personal property consisting of well equipment that was subject to property tax as appraised by JCAD.  JCAD contracted with Capital Appraisal Group to perform the appraisal of Viper's property.  The record shows that in 2008, JCAD assessed the total value of Viper's property at $636,260; in 2009, JCAD assessed the total value of Viper's property at $373,860; and in 2010, JCAD assessed the total value of Viper's property at $318,600. JCAD's records describe the subject property as: "SWD FACILITY MORTON #1 RRC #224614 FM 530, 100%, FULL."

In September of 2010, Viper sued JCAD under the tax code seeking: (1) a declaratory judgment that the appraisal rolls for Viper's property for tax years 2008 and 2009 were void "for failing to appraise the Property in the manner required by law, and/or failing to describe the Property with the specificity and categories required by Texas Property Tax Code §§ 25.02, 25.03 & 25.04."  Alternatively, Viper asserted that the appraised values for its property in 2008 and 2009 were "substantially unequal to the values determined by the [appraisal review board] for other similar properties" and requested a reduction in the appraised values.

2

The case was called for trial on June 1, 2015, nearly five years after the initial petition was filed. At that time, the trial court permitted Viper to file a supplemental petition to challenge JCAD's 2010 assessment of its property as well. Witnesses at trial included: (1) Damon Moore, JCAD's chief appraiser, (2) James Liska, the appraiser for Capital Appraisal Group who conducted the appraisals of Viper's subject property, and (3) David Pratka, Viper's owner.

After the one-day bench trial, the trial court denied Viper's request for relief and issued findings of fact and conclusions of law. This appeal followed.

## II.    JURISDICTION

By two cross-issues, which we will address first because of their jurisdictional implications, JCAD asserts that the trial court lacked subject-matter jurisdiction over this case.

### A.    Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Ctrl. Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

### B.    Discussion

#### 1.  Jurisdiction under Section 42.08(b)

JCAD first argues that the trial court lacked jurisdiction over Viper's suit because Viper failed to comply with section 42.08 of the tax code. Section 42.08 states the following, in relevant part:

3

a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute;

(2) the amount of taxes due on the property under the order from which the appeal is taken; or

(3) the amount of taxes imposed on the property in the preceding tax year.

TEX. TAX CODE ANN. § 42.08(b) (West, Westlaw through 2017 1st C.S.). Compliance with this statute is a jurisdictional prerequisite to a district court's subject matter jurisdiction to determine a property owner's rights. *See Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ).

JCAD argues that Viper is delinquent on taxes owed for tax years 2008, 2009, and 2010, and it has therefore failed to comply with section 42.08, thereby depriving the trial court of subject matter jurisdiction over Viper's tax protest. In response, Viper argues that because Jackson County did not begin imposing taxes on its property until 2008, it did not pay any taxes before the delinquency date, and has therefore complied with section 42.08. We agree with Viper.

The plain meaning of section 42.08(b) requires a property owner to pay the lesser of the amount of taxes either: (1) due on the portion of the taxable value of the property that is not in dispute; (2) due on the property under the order from which the appeal is taken; or (3) imposed on the property in the preceding tax year. *See* TEX. TAX CODE ANN. § 42.08(b). The record clearly shows that Viper's property was added to the tax rolls in 2008—the first tax year that is in dispute in the present case. Thus, because no taxes

4

were imposed on the property at issue during the preceding year, Viper was not required to pay taxes before the delinquency date under section 42.08(b). *See id.*; *Pratt & Whitney Canada, Inc. v. McLennan Cty. Appraisal Dist.*, 927 S.W.2d 641, 644 (Tex. App.—Waco 1996, writ denied) (holding that a calculation of zero for taxes owed the previous year under a previous version of section 42.08(b) permitted a property owner to overcome a jurisdictional challenge lodged by the appraisal district). Accordingly, we overrule JCAD's first cross-issue on appeal.

### 2. Jurisdiction under Section 42.21

By its second cross-issue, JCAD asserts that the trial court lacked subject matter jurisdiction to hear Viper's suit because Viper failed to timely amend its pleading to add a challenge to tax year 2010.

Section 42.21(a) of the tax code states that:

> A party who appeals as provided by this chapter must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline. Failure to timely file a petition bars any appeal under this chapter.

TEX. TAX CODE ANN. § 42.21(a) (West, Westlaw through 2017 1st C.S.). Failure to timely file a petition with the district court will deprive the trial court of jurisdiction. *Desai v. Chambers Cty. Appraisal Dist.*, 376 S.W.3d 295, 299 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

At trial, Viper made it known to the trial court that it intended to challenge the taxes assessed for tax years 2008, 2009, and 2010. When the trial court questioned whether Viper had initially contested tax year 2010, Viper responded that it did not file a supplemental petition adding tax year 2010 to its challenge, but that the pre-trial discovery

5

and legal issues before the court included 2010 and were no different than those issues for tax years 2008 and 2009, which were included in its initial petition. When the trial court questioned counsel for JCAD as to whether he had known that tax year 2010 was in dispute, JCAD's counsel responded by stating: "I have. I have, Your Honor." JCAD's counsel further stated there was "no surprise" if the trial court allowed Viper to add tax year 2010 to its petition. The trial court then granted Viper's motion for leave to file a supplemental petition to add tax year 2010 on June 1, 2015, the day of trial.

Viper's initial pleading was filed on September 22, 2010. According to that pleading, JCAD's appraisal review board issued an order declining to hear Viper's tax protest for tax years 2008 and 2009 on September 10, 2010. Based on this record, we conclude that Viper timely filed a petition for review for tax years 2008 and 2009 and properly invoked the jurisdiction of the trial court. However, the trial court was not presented with an order from JCAD's appraisal review board for tax year 2010. Thus, Viper failed to establish that its 2015 supplemental petition filed on June 1, 2015 was within section 42.21(a)'s 60-day jurisdictional boundary for tax year 2010. Accordingly, we conclude that the trial court was without jurisdiction to hear any of Viper's protest as it related to tax year 2010. *See* TEX. TAX CODE ANN. § 42.21(a); *Desai*, 376 S.W.3d at 299. We sustain JCAD's second cross-issue solely to the extent of the trial court's jurisdiction over any of Viper's challenges to tax year 2010.

### III. LEGAL SUFFICIENCY

By four issues, which we treat as one, Viper asserts that the evidence was legally insufficient[1] to support the trial court's findings denying Viper's requested relief because

---

[1] We construe Viper's challenges solely as to the legal sufficiency of the evidence because by each issue briefed, Viper argues that the trial court erred "as a matter of law."

the evidence showed as a matter of law that: (1) JCAD's "appraisal roll provided no description of the property at issue other than 'SWD FACILITY MORTON #1 RRC #224614 FM 530, 100%, FULL'"; (2) JCAD's appraisal cards and appraisal roll entry provided "no categorization of the property at issue as either real or tangible property as those terms are provided by the tax code"; (3) JCAD included "improvements (casing, well bore, and pad site) that belonged to the landowner and not Viper, thereby taxing Viper for property it did not own"; and (4) JCAD's appraisal process had "typos" and classified property as "new . . . despite the personal property's 'used' condition."

## A. Standard of Review

The trial court's scope of review in a case such as this one is a trial de novo, where all issues of fact and law raised by the pleadings are tried in the manner applicable to civil suits. TEX. TAX CODE ANN. § 42.23(a) (West, Westlaw through 2017 1st C.S.). Therefore, the trial court's findings of fact carry the same force and dignity as a jury's verdict upon questions. *See M.D. Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review findings of fact for legal sufficiency of the evidence by utilizing the same standards as applied to review the legal sufficiency of the evidence supporting a jury's finding. *Id.* We review a trial court's conclusions of law de novo, and will uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Brown v. Brown*, 236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Playboy Enters., Inc.*

7

*v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 263–64 (Tex. App.—Corpus Christi 2006, pet. denied) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005)). We will sustain a legal sufficiency point if the record reveals the following: (a) the complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810 (citing Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)). The fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *See id.* at 819.

## B. Discussion

### 1. Evidence Presented at Trial

JCAD's chief appraiser Damon Moore testified that he is tasked with aggregating, describing, and categorizing property within Jackson County for ad valorem tax purposes. According to Moore, JCAD contracted out appraisal services for Viper's property at issue in this case to Capital Appraisal Group. Moore testified that he did not conduct any appraisals of Viper's property for tax years 2008 or 2009. Moore agreed that without a proper description of property from JCAD, it is difficult to discern what is being taxed. Lastly, Moore confirmed that JCAD's records indicated the property appraised that belonged to Viper was described as "SWD FACILITY MORTON #1 RRC #224614 FM 530, 100%, FULL" (the Description) and was assessed at a total value of $636,260 for tax year 2008 and at a total value of $373,860 for tax year 2009.

8

Next, Capital Appraisal Group's former appraiser James Liska testified that during tax years 2008 and 2009, he was contracted to conduct appraisals of saltwater disposal facilities in Jackson County, including Viper's. Liska testified that he conducted a site visit on the property and developed the Description. He stated that he understood the RRC-number portion of the description represented a number that was posted on the site at the time of his visit that was affiliated with a number assigned by the Texas Railroad Commission. Liska identified notes and a corresponding spreadsheet of values for tax year 2008 and 2009 that he prepared for Viper's property. According to Liska, he utilized a "cost approach" to determine the value of the appraised property. Liska testified that of the items listed on his spreadsheet, he utilized his observations and notes to determine what property would be taxable for that facility. Specifically, Liska's cost-approach appraisal included placing a value on equipment called casing, tubing and packers, steel and fiberglass tanks, injunction pumps, skim pumps, plumbing, electrical, and pad site. Liska testified that there was no mineral value appraised on Viper's property and when asked to examine photos, Liska confirmed that they depicted the saltwater disposal facility that was the subject of the present lawsuit. Liska recalled that during his walk-through of the facility, he spoke to a representative of Viper named Robert Helms who discussed the quality, size, and nature of the items listed on the cost-approach appraisal such as the tanks.

Finally, Viper owner David Pratka testified. According to Pratka, Viper leases land for the saltwater disposal facility in Jackson County. Pratka testified that he and one of Viper's "insurance guys" named Trey Cobb believed that Viper's property had been overvalued and attempted to reach a resolution. Pratka testified that he never disputed

9

that Viper owed taxes. Furthermore, Pratka disputed the items contained on Liska's cost-approach spreadsheet. Pratka further testified that the RRC number as indicated on the Description is the same number since the property was appraised and the "Morton No. 1" portion of the Description came from approximately forty years ago when a well was drilled.

## 2. Trial Court's Findings of Fact and Conclusions of Law

After the close of evidence, the trial court denied Viper's relief, and issued the following relevant findings of fact[2]:

1. The subject property involved in this lawsuit was properly taxable to Viper for the years 2008 and 2009.

2. The evidence adduced by JCAD during the trial of this cause was factually sufficient to support JCAD's valuation and classification of the subject property for the years 2008 and 2009.

3. The evidence adduced by Viper during the trial of this cause was factually insufficient to sustain its burden of proof to establish that the subject property was incorrectly valued by JCAD for the years 2008 and 2009.

4. The evidence adduced by JCAD during the trial of this cause was factually sufficient to establish that the subject property was correctly valued by [JCAD] for the years 2008 and 2009.

5. The evidence adduced by Viper during the trial of this cause was factually insufficient to sustain its burden of proof to establish that the subject property was excessively valued for the years 2008 and 2009.

6. The evidence adduced by Viper during the trial of this cause was factually insufficient to sustain its burden of proof to establish that the subject property was unequally valued for the years 2008 and 2009.

7. The evidence adduced by Viper during the trial of this cause was factually insufficient to establish that all or part of the value placed on the subject property should escape taxation for the years 2008 and 2009 pursuant to tax code section 25.25.

---

[2] For the sake of clarity and brevity, the trial court's findings of fact are summarized, combined, and paraphrased.

8. No evidence was submitted by Viper during the trial of this cause which would support Viper's request for declaratory judgment, mandamus, or failure to receive an ARB hearing for any of the years in dispute.

9. No evidence was submitted during the trial of this cause which would support Viper's Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction . . . for any of the years in dispute.

10. The evidence submitted before and during the trial of this cause by JCAD established that Viper did not comply with the partial payment requirements of tax code section 42.08 for the tax years 2008 and 2009.

11. The evidence submitted before and during the trial of this cause by JCAD established that Viper did not substantially comply with the partial payment requirements of tax code section 42.08 for the tax years 2008 and 2009.

12. Viper submitted no evidence during the trial of this cause demonstrating timely or substantial compliance with tax code section 42.08 for any of the years in dispute.

13. The evidence submitted by JCAD during the trial of this cause established that the value placed on the subject property for tax years 2008 and 2009 was not excessive, was equal and uniform as required by the tax code, and was therefore correct.

The trial court also made the following relevant conclusions of law, which overlap with some of its findings[3]:

1. The subject property was properly taxable to Viper for each of the years 2008 and 2009.

2. Viper did not prevail in this action and is therefore not entitled to an award of attorney's fees.

3. There was no evidence submitted by Viper during the trial of this cause to establish that all or part of the value placed on the subject property should escape taxation for any of the years 2008 and 2009.

---

[3] The trial court's conclusions were likewise edited for brevity and clarity.

11

### 3. Sufficiency Points

### a. Description of the Property

By its first sufficiency of the evidence challenge, Viper argues that the appraisal district failed as a matter of law to describe the property as required under tax code section 25.03. *See* TEX. TAX CODE ANN. § 25.03 (West, Westlaw through 2017 1st C.S.).

Section 25.03(a) states that appraised "property shall be described in the appraisal records with sufficient certainty to identify it." *Id.* § 25.03(a). The Texas Supreme Court has held that a description is sufficient when the property sought to be assessed may be identified from the description given. *Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 335 (Tex. 2005). Stated another way, so long as an appraisal district's records give a property owner notice of what property was included in each tax account, a property is not exempt from taxation. *See id.*

The evidence shows that Liska, acting as a contracted appraiser on behalf of JCAD, developed the description for Viper's property. Specifically, Liska stated that the description used the RRC number in the description, because that number represented a well number that was posted on the site at the time of his visit. The evidence further showed that the number "224614" represented the identification number assigned to Viper by the Texas Railroad Commission regarding this saltwater disposal property.

After viewing the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, we conclude that the evidence was legally sufficient to support a finding that JCAD described the property at issue sufficiently and in compliance

with section 25.03 of the tax code. *See City of Keller*, 168 S.W.3d at 807; *see also* TEX. TAX CODE ANN. § 25.03; *Matagorda Cty. Appraisal Dist.*, 165 S.W.3d at 335.

### b. Categorization of Taxed Property

By its next sufficiency of the evidence challenge, Viper asserts that JCAD failed to establish as a matter of law the category of property that was assessed because it instead "commingled the real property [and] improvements" of the land in which Viper leased along with Viper's taxable personal property.

Property tax appraisal records must be formatted to include, as relevant to this case: (1) the name and address of the owner of the property; (2) that it is personal property; (3) the appraised value of the personal property; (4) the kind of any partial exemption the owner is entitled to receive, whether the exemption applies to appraised or assessed value, and the amount of the exemption, if any; (5) the tax year to which the appraisal applies; and (6) the identification of each taxing unit in which the property is taxable. *See* TEX. TAX CODE ANN. § 25.02(a) (West, Westlaw through 2017 1st C.S.).

In this case, the record shows tax appraisal cards for the tax years in dispute. Additionally, it shows that Liska utilized a cost-approach appraisal to value Viper's personal property only. Liska further testified that no mineral value was appraised on Viper's property and that he appraised items that he believed were taxable to Viper. Specifically, Liska appraised the value on equipment called casing, tubing and packers, steel and fiberglass tanks, injunction pumps, skim pumps, plumbing, electrical, and the pad site. Additionally, nothing in the record shows that JCAD failed to comply with the form and content requirements of the tax code.

13

Accordingly, after viewing the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, we conclude that the evidence was legally sufficient to support a finding that JCAD complied with the form and content requirements of section 25.02, and did not appraise anything but Viper's personal property. *See City of Keller*, 168 S.W.3d at 807; *see also* TEX. TAX CODE ANN. § 25.02(a).

### c. Attributing Land and Improvement Values to Viper's Appraisal

By its third sufficiency to the evidence challenge, Viper appears to assert that the evidence is legally insufficient to support taxable property because JCAD included Viper's possessory estate which was "presumptively nontaxable as separate interests, and improvements are generally taxed to the underlying landowner unless there is a specific conveyance of ownership."

All real property and tangible personal property in this state—whether owned by natural persons or corporations, other than municipal—shall be taxed in proportion to its value. TEX. CONST. art. VIII, § 1(b). "Tangible personal property" is defined as personal property that can be seen, weighed, measured, felt, or otherwise perceived by the senses, but does not include a document or other perceptible object that constitutes evidence of a valuable interest, claim, or right and has negligible or no intrinsic value. TEX. TAX CODE ANN. § 1.04(5) (West, Westlaw through 2017 1st C.S.).

First, the record undisputedly shows that Viper leases land from David Appelt in Jackson County at a rate of $1,500 per month. Second, it is also undisputed that Viper operates a saltwater disposal well comprised of various tangible personal property under authority of the Texas Railroad Commission on Appelt's property in Jackson County.

14

Furthermore, as explained in the previous section of this memorandum opinion, JCAD only taxed Viper for what tangible personal property belonged to Viper and nothing more. Nothing in the record supports Viper's argument that its possessory interest in Appelt's property, or anything more than Viper's tangible personal property, was appraised and assessed against. Accordingly, we find Viper's argument without merit.

### d. Clerical Errors

By its fourth sufficiency to the evidence challenge, Viper argues that the evidence conclusively shows that JCAD committed "clerical" and "form" errors in 2008 by classifying all the taxed tangible personal property as "new" and appraising it as such.

We agree with Viper that the record contains certain conflicting statements regarding the condition and quality of the appraised tangible personal property, specifically from testimony from Liska, who testified that the property was appraised in the condition that was listed, and Pratka, who disputed those determinations. However, in a legal sufficiency review, the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony and we defer to resolutions of conflicting testimony in favor of the verdict. *See City of Keller*, 168 S.W.3d at 819. Accordingly, we conclude that legally sufficient evidence supports the trial court's ruling under this fourth challenge. *See id.*

### e. Summary

We overrule all four of Viper's legal sufficiency challenges.

### IV. CONCLUSION

Because the trial court lacked jurisdiction over any of Viper's challenges to tax year 2010, we vacate the portions of the trial court's judgment that addresses any of Viper's

15

challenges to tax year 2010 only and dismiss those portions of Viper's suit.  We affirm the

remainder of the judgment.


GINA M. BENAVIDES,
Justice


Delivered and filed the
15th day of March, 2018.

16